UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JIMMY WAYNE KARR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 1:16-cv-00421-AKK- |
| ) | JHE |
| MARY COOKS and THE ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

The magistrate judge filed a report and recommendation on December 11, 2018, recommending the court dismiss Jimmy Wayne Karr's U.S.C. § 2254 petition for habeas corpus relief. Doc. 13. Karr timely filed objections to the report and recommendation. Doc. 14.

In his objections, Karr reasserts his claim that there was insufficient evidence to support his conviction for sexual abuse in the second degree. Doc. 14 at 1-17. He further contends that a material variance exists between his indictment for sexual abuse and the State's evidence during trial. *Id.* at 20-27. Specifically, Karr argues the State failed to prove the victim was less than sixteen years old at the time of the crime and, therefore, no reasonable jury could have convicted him of the

charge. *Id*. at 1-2, 9, 14. Karr also maintains the State impermissibly "broadened" the essential elements of the sexual abuse charge by arguing the victim was physically helpless when the crime occurred. *Id*. at 21.

Under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), and viewing the evidence in the light most favorable to the prosecution, a rational jury could have convicted Karr of sexual abuse by crediting the victim's testimony that she was asleep when the sexual contact began and that she was incapable of giving consent. Doc. 6-2 at 26-27, 32-33, 38-39. Therefore, the appellate court's decision that sufficient evidence existed to support Karr's conviction for sexual abuse was not contrary to or an unreasonable application of federal law, and was not based on an unreasonable determination of fact. *See Brown v. Payton*, 544 U.S. 133, 141 (2005); 28 U.S.C. § 2254(d)(2).

Additionally, the appellate court expressly found that Karr's material variance challenge was barred under Ala. R. Crim. P. 32.2(a)(5) because Karr failed to raise the claim on appeal. Doc. 6-17 at 4. Because Karr has not shown "cause and prejudice" excusing the procedural default and has not made a showing of actual innocence, he is barred from litigating his material variance claim in this proceeding. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Moreover, the State was not required to show that the victim was less than sixteen years of age pursuant to Ala. Code § 13A-6-67(a)(1). Instead, the State had to show that Karr subjected the victim to sexual contact and the victim was "incapable of consent by reason of some factor **other than** being less than 16 years old[.]" *See* ALA. CODE § 13A-6-67(a)(1) (emphasis added). Stated differently, the statute does not require that the State prove the offense by pointing to the victim's age, as Karr argues. Instead, the State must prove a different reason, unrelated to whether the victim was less than sixteen years old, why the victim was incapable of consent. As a result, the State argued that the victim was incapable of consent because she was asleep at the time the sexual contact began. Doc. 6-2 at 25-46. Contrary to Karr's contentions, this did not constitute a material variance between the statute and the State's offer of proof during trial.

Finally, Karr argues that his convictions for sexual abuse and burglary constitute double jeopardy. Doc. 14 at 17-19, 27-32. In *Blockburger v. United States*, the Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932). Applying *Blockburger*, the Alabama Court of Criminal Appeals rejected Karr's double

jeopardy claim, finding that third degree burglary and second degree sexual abuse each involve proof of facts not required by the other, and the trial court did not err in rejecting Karr's claim. Doc. 6-17 at 5-6. The appellate court's decision was not contrary to federal law, was not an unreasonable application of federal law, and was not based on an unreasonable determination of fact. *See Brown v. Payton*, 544 U.S. 133, 141 (2005); 28 U.S.C. § 2254(d)(2). Therefore, Karr is not entitled to relief on this ground.

Having carefully considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court **ADOPTS** the report and **ACCEPTS** the recommendation. The court **ORDERS** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the above-styled cause is due to be denied and dismissed with prejudice. A separate order will be entered.

The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds petitioner's claims do not satisfy either standard.

**DONE** the 14th day of January, 2019.

                                              **ABDUL K. KALLON**
                                          UNITED STATES DISTRICT JUDGE